STONE, J.
“When the levy [under execution] is made in a different county from that in which the judgment is rendered, if a claim is interposed to the property, it is the duty of the' sheriff to return the original execution to the office of the clerk from which it issued, with his return thereon of the interposition of a claim; and make true copies of the bond and affidavit, which he must return-with the execution. Tie must also make a true copy of the execution, and the returns thereon, which, with the affidavit and bond, he must return to the office of the clerk of his own county, where the trial of the right of property is to be had.” — Cocle of 1876, § 3345. Under this section it is too clear for argument that when the levy is made under execution, the trial of the right of property must be had in the county in which the levy is made.
“ If property attached be claimed by a person not a party to . the suit, and affidavit and bond be executed as required by law in cases of trial of right of property when levied on by a writ of fieri facias, the property must be delivered to the claimant, and the affidavit and bond be returned by the sheriff with the attachment, upon which the same proceedings must be had as in other trials of right of property, except that the sheriff must return the original attachment to the proper county.” Code, § 3290. The language of this section is not as clear as we could desire. Still we think enough appears to show that, except as expressed in the statute, the same rules must ■ govern the claim-trial, when the levy is under attachment, as when it is under writ of fieri facias. The section, last above copied does not in terms declare where such trial shall be had, and, to preserve analogy and harmony of .procedure, we should, if possible, observe the same rule as to venue, which obtains when the levy is under execution. The phrase, “upon which the same proceedings must be had, as in other trials of right of1 property,” gives support to this construction. The clause, however, which makes it the duty of the sheriff to return “ the original attachment to the proper county,” is most significant in its terms. That clause was evidently intended to qualify the preceding one, which required the sheriff to return the affidavit and bond with the attachment. If not so intended, we *75 can imagine no purpose it was intended to subserve. Now, wbj make this exception as to the return of the original attachment, if the originals of both it and the affidavit and bond were to be returned to the court from which the attachment issued? We ought so to interpret the statute as to give some meaning to each clause, if we can. We are not able to give to this clause any operation, unless we hold that the. originals of the affidavit and bond were required to be returned under different rules from those which govern in the return of the attachment. The sheriff must return the affidavit and bond, with the attachment, except that, no matter where the levy may be made, the original of" the attachment must be returned to the proper county; that is, to the county from which the attachment issued. Reaching this conclusion, the only conceivable state of case in which the return of the affidavit and bond, and the original of'the attachment could be rightfully made to different counties, would be where the attachment was levied in a county other than that in which it was issued. This construction preserves harmony, gives to each clause of the section some operation, and does not violate any statute we have found, or been referred to. We therefore adopt it.
Under the statute in force before the Code of 1852 was adopted, possibly the rule was different. See Clay’s Dig. 211, § 52; lIb. 51, § 11. The older statutes may have lent their aid, in raising doubts of the proper construction of our present system. The language of the present statute is essentially different from the old one, which provided that the said “ bonds for the trial of the right of property shall be lodged with the clerk or justice where the attachment is returnable.” When the levy was under execution, the old statute, like the Code, required the trial of the right of property to be had in the county in which the levy was made.
Ma/nclamus refused.